In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Lawson, #313139, ) | |
| ) | Civil Action No. 9:07-0907-JFA-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Psychiatrist Dr. Berg; Lt. Fogal; ) | |
| Lt. Jaris; Sgt. Davis; ) | |
| Unknown Superiors of each Defendant, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

The Plaintiff, Kenneth Lawson ("Lawson" or "Plaintiff"), presently is incarcerated in the South Carolina Department of Correction's McCormick Correctional Institution ("MCI"). He has filed this action against the above-named defendants, Psychiatrist Dr. Berg; Lt. Fogal; Lt. Jaris; Sgt. Davis; and Unknown Superiors of each Defendant, and the Richland County Correction Department, seeking relief pursuant to Title 42, United States Code Section 1983 for alleged violations of his constitutional rights.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The Defendants have filed a motion to dismiss the case on the grounds that the Plaintiff failed to exhaust his administrative remedies prior to filing this action. [9]  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.[1]

---

[1] The Complaint named as a defendant Lt. Fogal, who has been identified as Lt. Fogle, and will be referred to by his correct name in this Report and Recommendation. Likewise, the Complaint named as a defendant Lt. Jaris, who has been identified as Lt. Jarvis, and will be referred to by his correct name herein.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp 2d

594 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present complaint.

### III.  BACKGROUND AND PROCEDURAL HISTORY

On March 22, 2007,[2] Plaintiff commenced this action against the defendants Psychiatrist Dr. Berg; Lt. Fogle, Lt. Jarvis, Sgt. Davis; Unknown Superiors of each Defendant, and Richland County Correction Department (collectively, the "Defendants").  Plaintiff alleges that during the he was housed at the Alvin S. Glenn Detention Center (the "ASGDC"), he told Dr. Berg that he had a mental health concern.  Plaintiff alleges that in response, the Defendants instructed Plaintiff to strip naked, and the Plaintiff was "was hog-tied with chains and cuffs like an animal," and placed in a stripped down cell in a segregation unit as part of a voluntary suicide watch. Plaintiff contends he remained in this condition for eight days–from May 28, 2005 until June 3, 2005–until Dr. Berg returned to the ASGDC.  The Plaintiff alleges cruel and unusual punishment, denial of medical care, unsanitary conditions in his cell that rise to the level of unconstitutional prison conditions, and inadequate food during his eight days of confinement. He seeks an unspecified amount of money damages.[3]

Plaintiff states in his complaint that the ASGDC had a prisoner grievance procedure, but that he did not file a grievance concerning the claims he set forth in the Complaint.[4]

On April 12, 2007, the court authorized service of process by the clerk.  On May 3, 2007, the Defendants filed a motion to dismiss the complaint pursuant to Rule 12, Fed.R.Civ.P., on the grounds that the Plaintiff had failed to exhaust his administrative remedies prior to filing this

---

[2]  The Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his Complaint.

[3]  *See* Complaint [1] at pp. 4-6.

[4]  *See* Complaint [1] at p. 2, Section II *and* at p. 3 ("Under attorney advice I decline to [file] a grievance or a legal action as a detainee.") (Emphasis in original).

action. [9]  Also on May 3, the Defendants filed an answer to the complaint [10], which set forth the Plaintiff's failure to exhaust administrative remedies as an affirmative defense.[5]  By order of this Court filed May 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately.  [14]  On May 24, 2007, the Plaintiff filed a response to the Defendants' Motion to dismiss.  [15]  This matter is now ripe for review by the undersigned United States Magistrate Judge.

## IV  DISCUSSION

### A.  Whether Plaintiff Exhausted his Administrative Remedies Prior to Filing this Action

As a threshold matter, the Plaintiff has failed to exhaust the administrative remedies available at ASGDC, and thus it is recommended that this action be dismissed.  The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a Section 1983 action concerning his confinement.  42 U.S.C. § 1997e(a).  The revised PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also  Jones v. Bock*, – U.S. –, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007), *and Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1820, 149 L.Ed.2d 958 (2001) (in a unanimous decision, the Supreme Court held that

---

[5] *See* Answer [10] at ¶ 10.

the PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

The Supreme Court has stressed that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.  In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation.  In other instances, the internal review might filter out some frivolous claims.  And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.  534 U.S. at 524-525 (emphasis added).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate.  *See, e,g., Beatty v. West*, 2007 WL 1485860 (D.S.C. May 17, 2007), *citing Anderson v. XYZ Correctional Health Services*, 407 F.3d at 683.

In the present case, Plaintiff stated in his Complaint that although the ASGDC had a grievance procedure in place, he did not use this procedure, and, in fact, "decline[d]" to use the procedure.  Thus, the Plaintiff admits that he did not exhaust his administrative remedies under 42 U.S.C. § 1997e(a) prior to bringing this action.  Therefore, it is recommended that this action be dismissed pursuant to the PLRA.[6]

---

[6] In light of the Fourth Circuit's opinion in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006), the undersigned notes that dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule.  Therefore, the court does not recommend that a "strike" be imposed in the above-captioned case.

## **RECOMMENDATION**

Based upon the foregoing, it is recommended that the **Defendants' Motion to Dismiss [9] should be granted.**

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

June 8, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).