IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| Kenneth Lawson, #313139, | ) | C/A No.: 9:07-907-JFA-GCK |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Psychiatrist Dr. Berg; Lt. Fogal; Lt. Jaris; Sgt. Davis; Unknown Superiors of each defendant, | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Kenneth Lawson, is presently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights. Specifically, the plaintiff alleges that the defendants caused him to suffer cruel and unusual punishment, denied him proper medical care, and subjected him to unsanitary prison conditions. He seeks an unspecified amount of money damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant the motion to dismiss by

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

defendants Fogal, Jaris, and Davis.[2]  The Magistrate Judge opines that the plaintiff has not exhausted his administrative remedies and recommends dismissal of the action.  In their answer to the complaint, defendants Fogal, Jaris, and Davis raise the affirmative defense of failure to exhaust.  The Magistrate Judge also notes that the plaintiff specifically admits that he did not use the prison grievance procedure and, in fact, "declined" to do so.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 8, 2007.  He did not filed timely objections[3] to the Report.

However, the plaintiff did file a motion for default judgment against Dr. Berg, the remaining defendant.  Dr. Berg has since filed a response in opposition to the motion requesting that the court dismiss it and grant her an extension of time to answer the complaint.  Upon docketing this order dismissing the action against defendants Fogal, Jaris, and Davis, the Clerk shall return the file to the Magistrate Judge to address the plaintiff's motion for

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment.  Plaintiff did respond to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

default judgment as to Dr. Berg.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the motion to dismiss by defendants Fogal, Jarvis, and Davis is granted.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

July 9, 2007
Columbia, South Carolina