UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Lawson, #313139, | ) C/A No. 9:07-907-JFA-GCK |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )                    ORDER |
| | ) |
| Dr. Berg; Unknown Superiors of Each Defendant; | ) |
| Richland County Correction Department, | ) |
| Detention Center Commissioner; National Union | ) |
| Fire Insurance of Pittsburgh, PA; and Professional | ) |
| Risk Management Service, Inc., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The *pro se* plaintiff, Kenneth Lawson, brings this action pursuant to 42 U.S.C. § 1983.

He alleges that he was subjected to excessive force and cruel and unusual punishment while

he was a pretrial detainee at the Alvin S. Glenn Detention Center.

The Magistrate Judge assigned to this action[1] has prepared a Report and

Recommendation wherein he suggests that this court should dismiss defendants Unknown

Superiors of Each Defendant and Richland County Correction Department. The Magistrate

Judge notes that on February 29, 2008, the plaintiff filed an amended complaint against

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

defendants Dr. Berg and Dr. Berg's two malpractice insurance carriers. He did not rename two of the defendants initially named in the original complaint (Unknown Superiors and Richland County Correction Department). Thus, because it appears the plaintiff wishes to abandon his claims against these two defendants, the Magistrate Judge suggests their dismissal for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In addition, the Magistrate Judge takes judicial notice that it is not necessary to name a physician's medical malpractice insurer as a defendant in a civil action against a physician. The Magistrate Judge recommends that these two defendants (National Union Fire Insurance and Professional Risk Management Services, Inc.) be dismissed from this action as well, leaving only the claims against Dr. Berg. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on February 29, 2008. However, neither party filed any objections[2] to the Report within the time limits prescribed.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation proper and

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

incorporated herein by reference.  Accordingly, this action is dismissed as to defendants

Unknown Superiors of Each Defendant, Richland County Correction Department (Detention

Center Commissioner), National Union Fire Insurance Company, and Professional Risk

Management Services, Inc., for failure to prosecute under Rule 41(b).

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

April 17, 2008
Columbia, South Carolina