In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Lawson, #313139,    )<br>                            )<br>                Plaintiff,   )<br>                            )<br>         vs.                )<br>                            )<br>Psychiatrist Dr. Berg,      )<br>                            )<br>                Defendant.  )<br>_____) | Civil Action No. 9:07-0907-JFA-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I.  INTRODUCTION

The Plaintiff, Kenneth Lawson ("Lawson" or "Plaintiff"), presently is incarcerated in the South Carolina Department of Correction's McCormick Correctional Institution ("MCI").  He has filed this *pro se* action against the above-named defendant Psychiatrist Dr. Berg ("Dr. Berg"), seeking relief pursuant to Title 42, United States Code Section 1983 for alleged violations of his constitutional rights during the time he was a pre-trial detainee housed in the Alvin S. Glenn Detention Center (the "ASGDC").[1]

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The Defendant Dr. Berg has filed motions to dismiss the case on the grounds that the Plaintiff failed to exhaust his administrative remedies prior to filing this action.  [62; 72]

---

[1]  Plaintiff also had named as defendants Lt. Fogal (Fogle), Lt. Jaris (Jarvis), Sgt. Davis, Unknown Superiors of each Defendant, the Richland County Correction Department, National Union Fire Insurance of Pittsburgh PA, and Professional Risk Management Service Inc.  Lt. Fogle, Lt. Jarvis, and Sgt. Davis were dismissed by an Order of the District Court filed on July 9, 2007 [30], and Unknown Superiors of each Defendant, the Richland County Correction Department, National Union Fire Insurance of Pittsburgh PA, and Professional Risk Management Service Inc. were dismissed by an Order of the District Court filed on April 17, 2008.  [80]

## II.  *PRO SE* **COMPLAINT**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Rice v. National Security Council*, 244 F.Supp 2d

594 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990). Such is the case with the present complaint.

### III.  BACKGROUND AND PROCEDURAL HISTORY

On March 22, 2007,[2] Plaintiff filed a verified complaint[3] alleging cruel and unusual punishment, denial of medical care, unsanitary conditions in his cell that rise to the level of unconstitutional prison conditions, and inadequate food during the time was housed at the ASGDC.  After Dr. Berg's counsel received an extension of time in which to answer [57], on February 13, 2008, an answer was filed on her behalf which alleged that Plaintiff failed to exhaust his administrative remedies prior to filing the action.  [61]  That same day, Dr. Berg's counsel filed a motion to dismiss based on that defense.  [62]

Thereafter, the undersigned granted Plaintiff's motion to file an amended complaint.  [66] Plaintiff's verified amended complaint alleged that on or about May 26, 2005, he spoke voluntarily with Dr. Berg about a mental health concern.  [67]  Plaintiff stated he wanted to be placed on a voluntary suicide watch, but Dr. Berg decided to place him in the segregation unit. Plaintiff was instructed to strip naked and placed in shackles and handcuffs with a very heavy metal chain that ran down the middle to create one unit, which he describes as being "hog-tied." (Amended Complaint [67] at pp. 3-4).  He remained in these iron restraints 24 hours per day for eight days– from May 28, 2005 until June 3, 2005.  He was served three cold meals a day, each consisting of four slices of bread and two thin slices of meat.  Dr. Berg ordered that Plaintiff was

---

[2]     The Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his complaint.

[3]     In this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge.  *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991).  Plaintiff has filed a verified complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified complaint in issuing a recommendation in this case.

not be released from the restraints until she returned to the ASGDC after her vacation. (*Id.*) Plaintiff sought approximately $2 Million in damages. (Amended Complaint [67] at pp. 5-6). Plaintiff did not indicate in his amended complaint whether he file a grievance concerning the claims raised in the instant matter.

On March 12, 2008, Dr. Berg filed an answer to the amended complaint, setting forth the affirmative defense that Plaintiff had failed to exhaust his administrative remedies prior to filing this action. [71] That same day, Dr. Berg filed a motion to dismiss on those grounds. [72] By order of this Court filed March 12, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. [73] On March 17, 2008, the Plaintiff filed a response in opposition to Dr. Berg's motion to dismiss, arguing that her defense "is solely based on a procedure" and also identifying expert witnesses whom he wished to have testify. (Plaintiff's Response [75] at p. 2). Dr. Berg filed a reply to Plaintiff's response [77], and Plaintiff filed a sur-reply containing arguments and citations regarding the merits of the case. [79]

## IV. DISCUSSION

### A. Whether Plaintiff Exhausted his Administrative Remedies Prior to Filing this Action

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a Section 1983 action concerning his confinement. 42 U.S.C. § 1997e(a). The revised PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement

"applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Jones v. Bock*, 549 U.S.199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), *and Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1820, 149 L.Ed.2d 958 (2001) (in a unanimous decision, the Supreme Court held that the PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action).

The Supreme Court has stressed that exhaustion must take place prior to the commencement of the civil action in order to further the efficient administration of justice:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. 534 U.S. at 524-525 (emphasis added).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See, e,g., Beatty v. West*, 2007 WL 1485860 (D.S.C. May 17, 2007), *citing Anderson v. XYZ Correctional Health Services*, 407 F.3d at 683.

Plaintiff, in his amended complaint, left blank the section which asked whether he had pursued the grievance process prior to filing this action. Thus, it appears to the court that Plaintiff did not exhaust his administrative remedies. Although the Plaintiff may argue that any attempt to exhaust administrative remedies at this point would be futile, the exhaustion

requirement of the PLRA, 42 U.S.C. § 1997e, is strictly construed. Accordingly, this court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

Finally, a Report and Recommendation was filed by the undersigned on June 8, 2007 which recommended dismissal of Plaintiff's case against Lt. Fogle, Lt. Jarvis, and Sergeant Davis on the ground that Platiniff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) prior to bringing this action. [17] Although the Plaintiff was advised of his right to file objections to the Report and Recommendation, he did not file any objections to the Report. The District Court granted the motion to dismiss Lt. Fogle, Lt. Jarvis, and Sergeant Davis. Based on its own review of the docket in this case, the undersigned is led to the inexorable conclusion that Plaintiff failed to exhaust his administrative remedies prior to filing this action.

It is therefore recommended that Plaintiff's action against Dr. Berg be dismissed without prejudice pursuant to the PLRA.[4]

---

[4] In light of the Fourth Circuit's opinion in *Green v. Young*, 454 F.3d 405 (4th Cir. 2006), the undersigned notes that dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule. Therefore, the court does not recommend that a "strike" be imposed in the above-captioned case.

**RECOMMENDATION**

Based upon the foregoing, it is recommended that the Defendant's Motions to Dismiss **[62 and 72] should be granted** and Plaintiff's motion to issue a subpoena **[83] is deemed moot**.

*[signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

July 10, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

P.O. Box 835

Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).