IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Lawson, #313139, ) | C/A No.: 9:07-907-JFA-GCK |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| Psychiatrist Dr. Berg; ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Kenneth Lawson, is presently incarcerated at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights. Specifically, the plaintiff alleges that the defendants caused him to suffer cruel and unusual punishment, denied him proper medical care, and subjected him to unsanitary prison conditions. He seeks an unspecified amount of money damages.

The Magistrate Judge assigned to this action[1] has prepared a third Report and Recommendation wherein he suggests that this court should grant the motion to dismiss of

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

defendant Berg. The Magistrate Judge opines that the plaintiff has not exhausted his administrative remedies and recommends dismissal of the action. In her answer to the amended complaint, defendant Berg raises the affirmative defense of failure to exhaust. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 10, 2008. He filed timely objections[2] to the Report. The court has carefully reviewed the plaintiff's objections and finds them to be without merit, thus such objections are overruled.

Before the court addresses the Report and Recommendation, a brief recitation of the background of this case is necessary.

When the plaintiff initially filed this action, he named as other defendants, Lieutenant Fogal, Lieutenant Jaris, Sargeant Davis, Unknown Superiors of each Defendant, and the Richland County Correction Department. Defendants Fogal, Jaris and Davis filed a motion to dismiss contending that the plaintiff had not exhausted his administrative remedies as required by the Prison Litigation Reform Act. In addition, the defendants raised the failure

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

to exhaust issue as an affirmative defense in their answer.

The Magistrate Judge's first Report and Recommendation, filed June 8, 2007, suggested that the defendants' motion to dismiss should be granted. In support of this, the Magistrate Judge noted plaintiff's statement in his complaint that although the detention center had a grievance procedure in place, he did not use this procedure, and in fact, "declined to use the procedure." The Magistrate concluded that plaintiff's admission that he did not exhaust his remedies precluded him from bringing this action.

In an order filed July 9, 2007, this court adopted the Magistrate's recommendation and dismissed defendants Fogal, Jarvis, and Davis. The court returned the file to the Magistrate Judge to address the plaintiff's motion for default judgment as to defendant Dr. Berg. The Magistrate Judge ultimately denied the motion for default judgment and extended Dr. Berg's answer deadline. Dr. Berg then filed a motion to dismiss and raised the affirmative defense of failure to exhaust in her answer.

This court will note that when the plaintiff filed his amended complaint, he did not list two previously named defendants, Unknown Superiors of Each Defendant and Richland County Correction Department. Concluding that plaintiff intended to abandon his claims against these defendants, the Magistrate Judge issued a second Report and Recommendation suggesting their dismissal. The Magistrate Judge also recommended *sua sponte* dismissal of two newly-named defendants in the amended complaint, National Union Fire Insurance and Professional Risk Management Services, Inc. This court adopted the Report, with no

3

objection from the plaintiff, and dismissed all remaining defendants except for Dr. Berg.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Svcs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005) and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007).

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683, 2005 (4th Cir.2005).

As noted earlier in this order, plaintiff acknowledged in his initial complaint (which was composed on a standard form) that the institution where he was housed did have a prisoner grievance procedure. However, as to the question which asked "Did you file a grievance concerning the claims you are raising in this matter?" the plaintiff checked "no." In addition, the plaintiff indicates on page 3 that "under attorney advice I decline to a grievance or legal action, as a detainee."

4

As a general rule, plaintiffs proceeding under § 1983 need not exhaust state administrative remedies before filing suit. The PLRA, however, reversed that rule as to prison-condition lawsuits." *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 676 (4th Cir.2005) (citing *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Patsy v. Bd. of Regents,* 457 U.S. 496, 516, (1982), and 42 U.S.C.A. § 1997e(a)).  Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1994 ed., Supp. V). "There is no doubt that the PLRA's exhaustion requirement is mandatory." *Anderson*, 407 F.3d at 677 (citing *Porter*, 534 U.S. at 524). "All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 734 (2001) (requiring exhaustion of Eighth Amendment claim for money damages despite the fact that money damages were not available under the state's administrative grievance scheme).

Although exhaustion is a prerequisite to suit, it is not a pleading requirement. *Anderson*, 407 F.3d at 677. Thus, the plaintiff need not allege exhaustion of remedies in his complaint, but rather, failure to exhaust is an affirmative defense. *Id*. However, as the court stated in *Anderson*, the "determination that failure-to-exhaust is an affirmative defense does

5

not foreclose in all cases the possibility of a *sua sponte* dismissal on exhaustion grounds." *Id.* at 681. Thus, in cases where a complaint clearly shows that an inmate has not exhausted his administrative remedies, *sua sponte* dismissal is appropriate. *Id*. at 682.

Here, with respect to the plaintiff's case, it is clear from the initial and amended complaints that the plaintiff has not exhausted his administrative remedies as required. Ultimately, in the absence of any attempt to exhaust administrative remedies with respect to the plaintiff's claims, and his knowledge of the defendant's affirmative defense, the Court agrees with the Magistrate Judge that these claims should be dismissed without prejudice.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the motion to dismiss by Defendant Berg is granted.

In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in *Green v. Young*, 454 F.3d 405, (4th Cir.2006) (dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition as a "strike" is not appropriate in the above-captioned case.

Additionally, plaintiff's motions to suppress and for a speedy trial are now moot.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
September 2, 2008                                                 United States District Judge
Columbia, South Carolina

6

7